IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jack MARCUS & Jerome TEPPER, attorneys at law.

Supreme Court

*No. 80–259–D. Filed September 4, 1980.*
(Also reported in 295 N.W.2d 752.)

PER CURIAM. Motion for substitution of referee. *Motion granted.*

On February 8, 1980, counsel for the Board of Attorneys Professional Responsibility filed a complaint alleging that Attorneys Marcus and Tepper published advertisements for their law firm which were false, misleading and deceptive and that this constitutes unprofessional conduct under the court's rules. By order dated February 14, 1980, we appointed the Hon. John Fiorenza referee in the matter. We were informed by the referee's letter dated July 16, 1980, that Tepper had requested the substitution of the referee and, there being no objection

by the other parties, that he granted the request. By order dated August 1, 1980, we substituted the Hon. Robert Hansen as referee in the matter.

On August 11, 1980, Tepper filed a motion for the substitution of Justice Hansen as referee pursuant to SCR 22.12(2) (1980). Counsel for the Board filed a memorandum in opposition to the motion on August 15, 1980, taking the position that the Board procedures (SCR Chapter 22) permit only one request for substitution of the referee and that Tepper's having orally requested the substitution of Judge Fiorenza on the record at the pretrial conference held in this matter on July 16, 1980, precludes him from requesting the substitution of Justice Hansen.

In correspondence filed with the court, Marcus and Tepper argue that Judge Fiorenza did not grant a request for substitution but, rather, voluntarily disqualified or recused himself. Therefore, they contend, Tepper's request for the substitution of Justice Hansen is authorized by SCR 22.12(2). Because this is the first time this issue involving the Board's procedures for the enforcement of attorneys professional responsibility has arisen, we take this opportunity to address the procedure for substitution of a referee in attorney disciplinary proceedings.

■

SCR 22.12(2) provides: "A respondent may file a motion for substitution of the referee with the supreme court within 10 days of notice of appointment of the referee. The filing of the motion does not stay the proceedings before the referee unless ordered by the supreme court." Except as otherwise provided in these rules of procedure, the rules of civil procedure apply in disciplinary proceedings. SCR 22.23(2). Consequently, in attorney disciplinary matters, a respondent may not file more than one motion for substitution of the referee.

Sec. 801.58(3), Stats. In the matter before us, Tepper's request for the substitution of Judge Fiorenza was made orally to the referee at the pretrial conference. Therefore, it did not constitute a motion for substitution of the referee under the pertinent rule, and the referee did not have jurisdiction to grant the request.

Nevertheless, Judge Fiorenza withdrew from the disciplinary proceeding in response to Tepper's request for substitution. In effect, the referee disqualified himself in the matter, which he had the power to do under SCR 22.03, which provides: "A referee in a proceeding under the rules has the powers of a judge trying a civil case."

The request for the substitution of Justice Hansen as referee in the matter was filed as a motion with the court by Tepper within the time specified in SCR 22.12(2). Marcus joined in that request by letter to the court dated August 15, 1980. This, then, is the only motion for substitution filed by the respondent attorneys under the rule. We grant the motion and hereby appoint the Hon. W. L. Jackman as referee in this disciplinary proceeding.